Lentz v. Gardin

DeVERE C. LENTZ, JR., ADMINISTRATOR OF THE ESTATE OF THAD CLAYTON ROBERTS, JR. v. ROY B. GARDIN, ADMINISTRATOR OF THE ESTATE OF LORENE LILLARD ROBERTS

No. 7628SC228

(Filed 4 August 1976)

Death § 7— wrongful death — nominal damages — jury instruction improper

The trial court in a wrongul death action erred in instructing the jury that "the plaintiff has introduced evidence of damages which are more than nominal, and if you believe the evidence, in whole or in part, it would be your duty to award . . . more than nominal damages . . ." since plaintiff's evidence was sufficient to support but not compel a verdict for more than nominal damages.

APPEAL by defendant from *Griffin, Judge.* Judgment entered 24 October 1975 in Superior Court, BUNCOMBE County. Heard in the Court of Appeals 14 June 1976.

This lawsuit arose out of a one-car accident in which both Mr. and Mrs. Thad Clayton Roberts, Jr., were killed.

In a complaint, filed 3 May 1974, the plaintiff administrator of the estate of Thad Clayton Roberts, Jr., alleged that defendant's intestate Lorene Lillard Roberts, on or about 22 April 1973 negligently " . . . and carelessly drove a motor vehicle off of the traveled portion of said highway, above referred to, and struck a tree with the result that Thad Clayton Roberts, Jr., a passenger in said vehicle, was fatally injured." Based on the foregoing, plaintiff prayed for $100,000 damages.

Defendant administrator's answer admitted that his intestate, Lorene Roberts, was an occupant in the car, denied plaintiff's substantive allegations and counterclaimed that Thad's

death resulted from his own contributory negligence. Spe-
cifically, defendant administrator alleged that plaintiff's intes-
tate

" . . . occupied an automobile being operated by a person
whom he knew, or by the exercise of reasonable diligence
should have known, to be under the influence of some
intoxicating beverage.

b. He failed to remonstrate with the operator of the auto-
mobile occupied by him.

c. He failed to quit the journey and to remove himself from
the automobile occupied by him when he had opportunity
to do so and was aware of the fact that the same was being
operated negligently.

d. He encouraged and participated in the operation of the
motor vehicle operated by LORENE LILLARD ROBERTS while
the operator was under the influence of some intoxicating
beverage."

At trial, the following admissions were introduced:

"1. That immediately prior to the accident involved in this
lawsuit, which occurred on April 22, 1973, at approximately
5:30 p.m., on North Carolina Highway # 16, Lorene Lillard
Roberts was driving her 1971 Rambler in a northerly
direction.

2. That at approximately 5:30 p.m. on said date, said
Lorene Lillard Roberts drove her vehicle across the center
line of said road, went through a fence, and struck a tree
on the westerly side of said highway.

3. That Thad Clayton Roberts, Jr., a passenger in said
vehicle, died as a result of injuries received in said accident
at approximately 6:30 p.m. on April 22, 1973.

4. That Lorene Lillard Roberts died as a result of the
injuries received in said accident at approximately 5:30
p.m. on April 22, 1973.

5. That the 1971 Rambler vehicle involved in the accident
in which Thad Clayton Roberts, Jr. was riding, was owned
by and registered in the name of Lorene Lillard Roberts on
April 22, 1973.

Lentz v. Gardin

6. That Lorene Lillard Roberts failed to negotiate the right-hand curve, crossed the center line of said highway, and then her vehicle left the highway above referred to.

7. That on April 22, 1973, the 1971 Rambler automobile owned and operated by Lorene Lillard Roberts was in good mechanical condition and free of defects.

8. That North Carolina Highway #16 in Wilkes County, North Carolina, on which road said Lorene Lillard Roberts was traveling when said accident occurred, was dry and free of defects in the area where the said Lorene Lillard Roberts' vehicle veered from said highway."

The plaintiff's evidence included two eyewitnesses who testified that decedent's car was approaching the car in which they were riding; that when it was "several hundred feet away," it was swerving back and forth across the center line; that "it kept doing this" and it seemed to become more pronounced as it got nearer; that finally "as it got right at us, it swerved in front of us, went diagonally in front of us and ran off the road," and hit a tree.

Thad Roberts, Jr.'s surviving son and daughter also testified, indicating that they had enjoyed a close relationship with their father and stated that he had been in good health at the time of his death at the age of 53. The daughter testified that her father had provided her considerable financial assistance in view of her divorced status and the financial burden of supporting four children.

Defendant's evidence tended to show that on the day in question the decedents consumed some alcoholic beverages. However, witnesses who had seen the decedents that day testified that neither Mr. Roberts nor Mrs. Roberts appeared to be intoxicated, and there was testimony that Mrs. Roberts was a good driver.

From verdict and judgment for plaintiff for $100,000, defendant appealed.

Other facts necessary for decision are set out below.

*Lentz & Ball, P.A., by Ervin L. Ball, Jr., for plaintiff appellee.*

*Morris, Golding, Blue and Phillips, by William C. Morris, Jr., and James N. Golding, for defendant appellant.*

MORRIS, Judge.

Defendant contends that the trial court expressed an opinion on the evidence relating to damages, thus violating G.S. 1A-1, Rule 51. We agree.

In *Bowen v. Rental Co.*, 283 N.C. 395, 418, 196 S.E. 2d 789 (1973), former Chief Justice Bobbitt noted that under G.S. 28-174(a)(6), "[n]ominal damages and costs may now be recovered *if the jury finds* that the decedent's death was caused by the defendant's wrongful act but fails to find that such death caused pecuniary loss." (Emphasis supplied.) Here, the trial court instructed the jury: "[t]he plaintiff has introduced evidence of damages which are more than nominal, and if you believe the evidence, in whole or in part, it would be your duty to award . . . more than nominal damages. . . ." While it is true that plaintiff's evidence could be said to be sufficient to support a verdict for more than nominal damages, it is not sufficient to *compel* such a verdict. The instruction precluded the jury's consideration of nominal damages, and constituted prejudicial error entitling defendant to a new trial on the issue of damages.

Defendant argues that the trial court gave an incomplete instruction with respect to the doctrine of *res ipsa loquitur*. He does not contend that the doctrine is inapplicable to the facts of this case. While we question the propriety of instructing on the doctrine in this case, we are of the opinion that the court's instructions were adequate and did not, as defendant contends, leave the jury with the erroneous impression that the circumstantial evidence of driver negligence furnished by the doctrine of *res ipsa loquitur* compelled a finding of actionable negligence.

We have reviewed defendant's other assignments of error and find them to be without merit. Defendant is entitled to a new trial on the issue of damages only.

New trial on issue of damages.

Judges VAUGHN and CLARK concur.